```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert Gagalis**

    **v.**                                              Case No. 08-cv-269-PB

**United States of America**


**O R D E R**

On July 21, 2009, I issued an oral order determining that Robert Gagalis had abandoned his right to challenge his sentence by entering into an appeal and collateral review waiver. (Doc. No. 24 at 223-233 (reproduced as Appendix A)). Gagalis seeks permission to challenge this ruling in a motion for certificate of appealability.

In denying Gagalis's motion, I found that his appeal and collateral review waiver was valid and enforceable. I rejected Gagalis's argument that the advice he received from counsel concerning the waiver was affected in any way by an impermissible conflict of interest. I also rejected Gagalis's argument that enforcement of the waiver would result in a miscarriage of justice because it would deny him the opportunity to prove that he had received ineffective assistance of counsel at trial. In

reaching this conclusion, I received evidence with respect to Gagalis's underlying ineffective assistance of counsel claim and concluded that denying him the opportunity to prove his claim would not result in a miscarriage of justice because Gagalis could not prove that his lawyers were subject to an actual conflict of interest that adversely affected their performance at trial.  I based my ruling upon well-established case law that governs both the enforceability of appeal and collateral review waivers, see, e.g., United States v. Edelen, 539 F.3d 83, 87 (1st Cir. 2008), and ineffective assistance of counsel claims based on an asserted conflict of interest, see, e.g., United States v. Ramirez-Benitez, 292 F.3d 22, 30 (1st Cir. 2002).

    Gagalis does not explain how I misinterpreted the applicable case law, nor does he call into question the fact-finding that underlies my ruling.  In short, he does not come close to demonstrating that a reasonable jurist could disagree with my ruling that he is barred from challenging his sentence by the appeal and collateral review waiver.  Accordingly, I deny Gagalis's motion for a certificate of appealability (Doc. No. 30).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 27, 2009

cc: Stephen M. Rasche, Esq.
    Michael Artan, Esq.
    Terry Ollila, Esq.